## SAVANNAH AND NORTHWESTERN RAILWAY *v.* BRINSON.

The plaintiff sought specific performance of an alleged reservation in a deed executed by him to the defendant; but the reservation is too indefinite and uncertain to constitute a basis of the relief sought.

                     SEPTEMBER 13, 1916.

Equitable petition. Before Judge Charlton. Chatham superior court. January 22, 1915.

G. M. Brinson brought his petition against the defendant railway company, seeking a decree for specific performance and other equitable relief. The petition contains, in substance, the following allegations: Prior to the first day of May, 1914, petitioner was the owner in fee of a certain tract of land described as follows: "A strip of land, a part of the right of way, in Sardis, Burke County, Georgia, northward from the depot, and southward from the railway main line, which said strip is now occupied by the warehouse, cotton platform, ginnery, engine and seed-house. This strip of land begins beyond Girard Avenue, and extends northwestward from said avenue to a point beyond the cottonseed-house, and lies within fifty feet of the center line of the railway, and is the same land that was deeded to George M. Brinson by deed from the Brinson Railway Company, of August 8, 1911, and recorded November 30, 1912, in Book 13, page 521, of Burke County deed records; the land being deeded back to the railway company, but the buildings and improvements are reserved as the property of grantor, and the said grantor is to have a lease on the land for gin and warehouse purposes." On May 1, 1914, petitioner, in consideration of the sum of one dollar and other valuable consideration, made to the defendant company a quit-claim deed to this tract of land. The improvements on the land reserved consist of brick buildings which are used by petitioner as a cotton ginnery and warehouse, which buildings and machinery cost petitioner more than $10,000. The deed was prepared by petitioner's attorney at law; and after the maker had affixed his signature, it was delivered by petitioner to his attorney "with the understanding on his part that the deed would be submitted by his attorney to the attorney of the railroad company for the inspection and approval of the latter, and that the deed would not be delivered to the railroad company until a lease satisfactory to petitioner was prepared, executed, and delivered by the company to petitioner." The form and substance of the deed were acceptable to the attorney of the railway company, and "petitioner's attorney was told by the attorney for the defendant that the length of the lease and the consideration for the lease were matters of little moment to the company, and that the company

was willing to make both the consideration and the term of the lease to suit the wishes of petitioner; whereupon the latter's attorney left the deed with the attorney for the railroad company, and reported to petitioner the terms and conditions under which said deed had been surrendered." Petitioner's attorney had been instructed to notify the railway company's attorneys that the lease should be for a term of 99 years, and for a consideration of $1 and the payment by him and his heirs of all tax upon the land. This was reported to the railway company, "and at or about that time the said attorney of the railroad company delivered the deed into the possession of the officers and agents of the latter, and informed them of the conditions under which petitioner elected that said deed should be delivered to the company." Notwithstanding the fact the company had received the deed and placed the same on record, it fails and refuses to execute the lease, and refuses to execute to petitioner a quitclaim deed, so as to restore the status. Petitioner proceeded to negotiate a sale of the property, but was unable to close the trade on account of the delay in executing the lease. Petitioner prays, that the defendant company be required to comply with the terms and conditions upon which the deed was delivered, or to restore the status by executing a quitclaim deed to petitioner; that the defendant be enjoined from conveying or encumbering the land; and that it be required to specifically perform, by making and executing to petitioner a lease on the land for a term of ninety-nine years for an expressed consideration of $1 and the payment of taxes upon the land, or to restore the status by executing a quitclaim deed. This petition was demurred to generally on the ground that it set forth no cause of action, and upon the ground that the reservation by petitioner of the right to a lease in the quitclaim is too indefinite and uncertain to be made the basis of a right of action. This demurrer was overruled, and the judgment overruling the same is the subject of the present bill of exceptions.

*Hitch & Denmark,* for plaintiff in error.

BECK, J. (After stating the foregoing facts). We are of the opinion that the demurrer should have been sustained. There is no prayer for the reformation of the deed; and as it stands it is too uncertain and indefinite to afford a basis for specific performance. If the reservation in the deed is a valid one, there is no

necessity·for the execution of any conveyance by the defendant in order to give the plaintiff the benefit of the reservation.

*Judgment reversed.  By five Justices, all concurring.*